IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES H. STERN                                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO. 2:08cv33-KS-MTP

CHRISTOPHER B. EPPS, et al.                                                                    DEFENDANTS

**ORDER**

THIS MATTER is before the court on Plaintiff's Motion [37] for issuance of process which, liberally construed, appears to be a motion to amend his complaint and for summons to be issued for John Doe Defendants # 6-9. The Motion [37] seeks miscellaneous injunctive and other relief against the parties sought to be added. Upon consideration of the motion, the court finds that it should be DENIED.

Plaintiff filed his civil rights Complaint [1] on February 14, 2008, naming the following Defendants: Christopher Epps, the Mississippi Department of Corrections, American Correctional Association, GT Enterprises of MS, Inc., AmSouth Bank, Hancock Bank, Attorney General Jim Hood, Deputy Attorney General Myrick Jackson, Deputy Attorney General Grant Hedgepeth, Hinds County Circuit Clerk Barbara Dunn, and John Does # 1-20. On March 20, 2008, Plaintiff filed his Motion [10] to replace John Does # 1-4 with the Barbers Examining Board, the Mississippi Health Department, Central Mississippi Correctional Facility ("CMCF"), and South Mississippi Correctional Institution ("SMCI"), and the court allowed the amendment on August 14, 2008. *See* Order [30]. On August 19, 2008, the court dismissed several of the named Defendants. *See* Order [33].

The instant motion focuses on Plaintiff's concerns over the alleged use of unlicensed barbers in the state prisons. Plaintiff seeks to amend his complaint to replace John Doe # 6 with

Ed Thompson, Director of the State Health Department, and requests the court to order the issuance of a summons. He seeks to sue Dr. Thompson in his official capacity only. Plaintiff claims that Dr. Thompson "set in motion a series of events he new (sic) about or should have new (sic) about that led to [Plaintiff's] injuries." Motion [37] at 1. He claims Dr. Thompson deprived him of a constitutional right, but does not specify what right. He claims that Dr. Thompson failed to enforce the state health and welfare statutes in the state prisons, and failed to enforce the policies and codes of the Board of Barbers Examiners, which resulted in Plaintiff's exposure to "Class 1 and 2 diseases." Motion [37] at 2.

Plaintiff seeks to amend his complaint to replace John Doe # 7 with Margaret Bingham, Superintendent of CMCF, and requests the court to order the issuance of a summons. He seeks to sue Ms. Bingham in her official capacity only. Plaintiff claims that Ms. Bingham "set in motion a series of events that led to [his] injuries, events she new (sic) about or should have new (sic) about." Motion [37] at 2. He claims Ms. Bingham is in charge of the enforcement of all policies and procedures at CMCF and failed to enforce such policies, and failed to enforce the policies of the Barbers Board of Examiners and the state health and welfare codes. He claims that this amounts to deliberate indifference, negligence, and conspiracy.

Plaintiff seeks to amend his complaint to replace John Doe #8 with Ron King, Superintendent of SMCI, and to replace John Doe #9 with Hubert Davis, Deputy Warden at SMCI, and requests the court to order the issuance of summons. He seeks to sue Mr. King and Mr. Davis in their official capacities only. Plaintiff claims Mr. King and Mr. Davis "set in motion a series of events that led to [his] injuries, events they new (sic) about or should have new (sic) about that caused [his] injuries." Motion [37] at 3. He claims that Ron King and Hubert

Davis are in charge of the enforcement of all policies and procedures at SMCI and failed to enforce such policies, and failed to enforce the policies of the Barbers Board of Examiners and the state health and welfare codes. He claims that this amounts to deliberate indifference, negligence, and conspiracy.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

Plaintiff merely alleges that the parties referenced above violated state laws and policies, and has failed to allege a specific violation of a federal constitutional right. Accordingly, even if these parties did fail to enforce state statutes and policies, such failure does not amount to a constitutional violation. Further, Plaintiff's brief reference to "deliberate indifference," without the allegation of specific facts to support an Eighth Amendment violation are insufficient to establish that the parties Plaintiff seeks to add violated his constitutional rights. *See Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) (holding that conclusory allegations are insufficient to establish a constitutional violation under Section 1983; such claims must be supported by specific facts); *see also Pennington v. Mancuso*, No. 06-1531, 2007 WL 4321928, at *1 (W.D. La. Oct. 18, 2007) (stating that conclusory allegations in prisoner's complaint failed to meet the requirements of Rule 8 "which, although it does not require explicit detail, it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were

violated by each person who is named as a defendant"). Likewise, Plaintiff's conclusory allegations of a conspiracy by these parties are insufficient to establish a constitutional violation. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (stating that conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983).

Finally, even if the parties referenced above did violate MDOC policies and procedures, such conduct fails to rise to the level of a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation)*; McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007).

For the reasons stated above, Plaintiff's request to amend his complaint to replace John Doe Defendants # 6-9 with Ed Thompson, Margaret Bingham, Ron King, and Hubert Davis, and for summons to be issued, is denied.[1] Plaintiff has failed to allege facts that would entitle him to relief against such parties under Section 1983. *See Charles v. Nance*, 186 Fed. Appx. 494, 495 (5th Cir. 2006) (holding that prisoner's motion for leave to amend was properly denied where she failed to allege facts which would entitle her to relief); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 771 (5th Cir. 2001) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile"); *Turner v.*

---

[1] Moreover, the court notes that Plaintiff has already named Christopher Epps, MDOC Commissioner, in his official capacity as a Defendant in this action. Accordingly, it appears that the addition of Margaret Bingham, Ron King and Hubert Davis in their official capacities would be superfluous. *See Bradley v. City of Jackson*, No. 3:08cv251-TSL-JCS, 2008 WL 2381517, at *3 (S.D. Miss. June 5, 2008) (internal citations and quotations omitted) (dismissing official capacity claims against mayor and chief of police, reasoning that because the city was already a named defendant, "the official capacity claims . . . [were] redundant and serve[d] no purpose such that their dismissal [was] appropriate").

*Bowen*, 252 Fed. Appx. 687, 688 (5th Cir. 2007).

    IT IS, THEREFORE, ORDERED that Plaintiff's Motion [37] is DENIED.

    SO ORDERED this the 29th day of October, 2008.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge