IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES H. STERN                                                                              PLAINTIFF

V.                                                           CIVIL ACTION NO. 2:08cv33-KS-MTP

CHRISTOPHER B. EPPS, et al.                                                          DEFENDANTS

## ORDER

THIS MATTER is before the court on Plaintiff's Motion [38] for issuance of process which, liberally construed, appears to be a motion to amend his complaint and for summons to be issued for John Doe Defendants # 10-19. Upon consideration of the motion, the court finds that it should be DENIED.

Plaintiff filed his civil rights Complaint [1] on February 14, 2008, naming the following Defendants: Christopher Epps, the Mississippi Department of Corrections, American Correctional Association, GT Enterprises of MS, Inc., AmSouth Bank, Hancock Bank, Attorney General Jim Hood, Deputy Attorney General Myrick Jackson, Deputy Attorney General Grant Hedgepeth, Hinds County Circuit Clerk Barbara Dunn, and John Does # 1-20. On March 20, 2008, Plaintiff filed his Motion [10] to replace John Does # 1-4 with the Barbers Examining Board, the Mississippi Health Department, Central Mississippi Correctional Facility ("CMCF"), and South Mississippi Correctional Institution ("SMCI"), and the court allowed the amendment on August 14, 2008. *See* Order [30]. On August 19, 2008, the court dismissed several of the named Defendants. *See* Order [33].

As with previous pleadings, the instant Motion [38] focuses on concerns over the alleged use of unlicensed barbers in the state prisons, in addition to alleged conspiracy by the Mississippi Bar President against Plaintiff. Plaintiff seeks to amend his complaint to replace John Doe # 10

with the President of the Mississippi Bar, and seeks to sue him in his individual and official capacities. Plaintiff claims that the Bar President "set in motion a series of events he knew about or should have new (sic) about that led to [Plaintiff's] injuries." Motion [38] at 1. Plaintiff allegedly filed a complaint filed with the Mississippi Bar's Committee on Professional Responsibility regarding the alleged criminal activity of five of his lawyers. He claims that the Bar President is in charge of appointing the members of the Committee, and that he conspired with the Committee against the Plaintiff to cover up his lawyers' criminal activity.

Plaintiff's conclusory allegations of a conspiracy by the Mississippi Bar President and the members of the Committee are insufficient to establish a constitutional violation. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (stating that conclusory allegations of a conspiracy are insufficient to state a claim under Section 1983); *see also Pennington v. Mancuso*, No. 06-1531, 2007 WL 4321928, at *1 (W.D. La. Oct. 18, 2007) (stating that conclusory allegations in prisoner's complaint failed to meet the requirements of Rule 8 "which, although it does not require explicit detail, it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as a defendant"). Accordingly, Plaintiff has failed to allege facts that would entitle him to relief against the Mississippi Bar President under Section 1983.

Plaintiff seeks to amend his complaint to replace John Does # 11-15 with members of the Board of Barbers Examiners from the First, Second, Third, Fourth, and Fifth Congressional Districts. He seeks to sue these parties in their official capacities only. He claims that these parties failed to enforce the policies of the Barbers Board of Examiners and the state health and welfare codes. He claims that he was injured from "unlawful hair cuts" by unlicensed barbers in

an unlawful barber shop.  Motion [38] at 3.  He claims that their acts and omissions amount to deliberate indifference in violation of the Eighth Amendment.

Plaintiff seeks to amend his complaint to replace John Does # 16-19 with four inspectors employed by the Board of Barbers Examiners (one from each Supreme Court District and one from the "state at large.")  Motion [38] at 3.  He claims that these parties failed to inspect and enforce Miss. Code Ann. § 73-5-1 through § 73-5-43, which resulted in his injuries.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights."  *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

Plaintiff merely alleges that the unidentified members of and inspectors for the Board of Barbers Examiners violated state laws and policies relating to barbering, and has failed to allege the violation of a specific federal constitutional right.  Accordingly, even if these parties did fail to enforce state statutes and policies, such failure does not amount to a constitutional violation.  Further, Plaintiff's brief reference to "deliberate indifference," without the allegation of specific facts to support an Eighth Amendment violation are insufficient to establish that the parties violated his constitutional rights.  *See Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) (holding that conclusory allegations are insufficient to establish a constitutional violation under Section 1983; such claims must be supported by specific facts).

For the reasons stated above, Plaintiff's request to amend his complaint to replace John

Doe Defendants # 10-19 with the parties referenced above is denied. Plaintiff has failed to allege facts that would entitle him to relief against such parties under Section 1983. *See Charles v. Nance*, 186 Fed. Appx. 494, 495 (5th Cir. 2006) (holding that prisoner's motion for leave to amend was properly denied where she failed to allege facts which would entitle her to relief); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 771 (5th Cir. 2001) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile"); *Turner v. Bowen*, 252 Fed. Appx. 687, 688 (5th Cir. 2007).

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [38] is DENIED.

SO ORDERED this the 31st day of October, 2008.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge