**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

JAMES H. STERN                                                      PLAINTIFF

V.                                          CIVIL ACTION NO. 2:08cv33-KS-MTP

CHRISTOPHER B. EPPS, et al.                                DEFENDANTS

**ORDER**

THIS MATTER is before the court on the Motion for Summary Judgment [90] filed by Plaintiff. Having considered the motion and the applicable law, the court finds that the Motion [90] should be DENIED.

Plaintiff claims that judgment should be granted in his favor against Defendant Christopher Epps because he failed to timely respond to Plaintiff's motions [22][26][27] for injunctive relief. Mr. Epps moved for an extension of time to respond to the motions, and the court granted him an extension of time until December 11, 2008, to respond to the motions. *See* Motion [86] and Order dated 11/17/08.

Further, even if Defendant's response to the motions was untimely, or even if the motions were unopposed, this does not entitle Plaintiff to the requested injunctive relief. Plaintiff still bears the burden of establishing all four elements[1] to be entitled to the extraordinary relief of a preliminary injunction. *See Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003 ); *see also Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976) ("An injunction is an

---

[1]A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001).

extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury.").

Likewise, a party's untimely response to a motion, or failure to respond, does not entitle the moving party to judgment as a matter of law. *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 766 F.2d 1277, 1279 (5th Cir. 1985) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."). Plaintiff still bears the burden of demonstrating the absence of a genuine issue of material fact in order to succeed on his motion for summary judgment. *See Hibernia*, 766 F.2d at 1279.

Accordingly, Plaintiff's motion is DENIED. The court will consider Plaintiff's motions [22][26][27] for injunctive relief once it receives Mr. Epps' response, and will issue a report and recommendation on the merits in due course.

SO ORDERED this the 4th day of December, 2008.

s/ Michael T. Parker
United States Magistrate Judge