# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

JAMES H. STERN                                                                            PLAINTIFF

V.                                                               CIVIL ACTION NO. 2:08cv33-KS-MTP

CHRISTOPHER B. EPPS, et al.                                               DEFENDANTS

## ORDER

THIS MATTER is before the court on Plaintiff's Motion for Reconsideration [122]. The court, having considered the motion and the applicable law, finds that the Motion [122] should be GRANTED in part and DENIED in part.

Plaintiff filed his Motion for Reconsideration [122] on or about January 7, 2009, asking the court to reconsider its Order [121] denying Plaintiff's Motion to Compel [100].[1] This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure."[2] *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir.

---

[1] Plaintiff also appealed the court's ruling [121] to the district court judge pursuant to Local Rule 72.1(A). *See* Motion for Review [124].

[2] Rule 59(e) is not technically applicable to Plaintiff's Motion [122] since the Order [121] was not a final "judgment." *See* Fed. R. Civ. P. 54; 59(e); 72. However, several district courts within the Fifth Circuit have applied the legal standards set forth in Rule 59(e) to motions to reconsider interlocutory orders. *See W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000); *Goldman*, 2006 WL 861016, at *1; *Martinez v. Bohls Equip.Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (July 18, 2005). Accordingly, the court will apply the same standard to the instant motion.

1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.*

There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3.

Plaintiff has cited to no change in controlling law or clear error of law. However, Plaintiff has submitted new evidence in reply to Defendants' Response [118].[3] Defendant Christopher Epps did not file a response to Plaintiff's Motion [122].[4] In his Response [118] to Plaintiff's Motion to Compel [100], Defendant Epps claims Plaintiff did not make a request for a

---

[3] In support of his Motion [122], Plaintiff asks the court to consider the arguments and exhibits set forth in his Motion for Review [124].

[4] Defendant Epps also did not file a response to Plaintiff's Motion for Review [124].

copy of any *Gates v. Collier* cases; however, Plaintiff claims he did make such a request, and attaches a copy of one of the requested *Gates v. Collier* opinions. *See* Ex. 3 [124–2]. Accordingly, Defendant Epps shall provide Plaintiff with a copy of the other opinion requested in his Motion [100], *Gates v. Collier*, 930 F.2d 916 (5th Cir. 1991). Plaintiff already has a copy of *Gates v. Collier*, 963 F.2d 370 (5th Cir. 1992), and the other requested cite, "*Gates v. Collier*, 929 F.2d 1991 U.S. App." is incorrect. *See* Motion [100] at 2.

Defendant Epps shall provide Plaintiff with a copy of the following statutes: Miss. Code Ann. § 97-11-11; § 97-11-13. Plaintiff submitted evidence suggesting there was a printing error which prevented him from obtaining a copy of these statutes. Defendant Epps has not responded to the motion and, therefore, does not contest this factual assertion. The other statutes requested in his Motion [122] were repealed or do not exist.[5]

Regarding Plaintiff's requests for CJS, ALR and AmJur materials, he has failed to show he is entitled to relief. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff's Motion to Reconsider [122] is GRANTED in part and DENIED in part as set forth below.

2. Defendant Epps shall provide Plaintiff with a copy of the opinion, *Gates v. Collier*, 930 F.2d 916 (5th Cir. 1991) within ten (10) days of the date of this Order.

3. Defendant Epps shall provide Plaintiff with a copy of Miss. Code Ann. § 97-11-

---

[5]Miss. Code Ann. § 97-11-7 was repealed by Laws 1983, Ch. 469, § 10, eff. July 1, 1983.

11 and § 97-11-13 within ten (10) days of the date of this Order.

4. The remaining relief requested in Plaintiff's Motion [122] is DENIED.

SO ORDERED this the 27th day of January, 2009.

s/ Michael T. Parker
United States Magistrate Judge