# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

JAMES H. STERN                                                        PLAINTIFF

VS.                                      CIVIL ACTION NO. 2:08cv33-KS-MTP

CHRISTOPHER EPPS, *et al.*                                        DEFENDANTS

## ORDER

THIS MATTER is before the court on the Motion [153] for Default Judgment against Keefe Commissary Network filed by Plaintiff and the Motion for Extension of Time to Answer [157] filed by Keefe Commissary Network ("Keefe"). Having considered the motions, along with documents made a part of the record of this case and the applicable law, the court finds that the Plaintiff's Motion [153] should be DENIED and Keefe's Motion [157] should be GRANTED.

In his Motion [153], Plaintiff asks the court to enter a default judgment against Defendant Keefe. Plaintiff argues that Keefe was served with process on March 2, 2009, and its Answer was due on March 23, 2009, and it has failed to timely file an answer or other responsive pleading.

On April 8, 2009, Keefe filed its Motion for Extension of Time to Answer [157]. Keefe recognizes that its time to answer has elapsed, but submits that its delay was unintentional and inadvertent. Keefe seeks leave to file an answer out of time, and submits that Plaintiff will suffer no prejudice by its delay.

The entry of a default judgment is not appropriate under the circumstances of this case. "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v.*

*Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Finally, this action is subject to the Prison Litigation Reform Act of 1995, which provides that "No relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1).

The court finds that Plaintiff will suffer no prejudice by the minimal delay of the filing of Keefe's answer. No discovery or trial schedule has been set and an omnibus or *Spears*[1] hearing has not been held pending service of process of all Defendants. Now that Keefe is before the court, this matter may proceed to disposition.

Accordingly,

IT IS, THEREFORE, ORDERED:

1. That the Plaintiff's Motion [153] for Default Judgment against Keefe Commissary Network is DENIED;

2. That Keefe's Motion for Extension of Time to Answer [157] is GRANTED. Keefe shall file its Answer immediately.

SO ORDERED this the 9th day of April, 2009.

s/ Michael T. Parker  
United States Magistrate Judge

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).