IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES H. STERN, #130001                                                PLAINTIFF

V.                                              CIVIL ACTION NO. 2:08cv33-KS-MTP

CHRISTOPHER EPPS, ET AL.                                              DEFENDANTS

## SCHEDULING AND CASE MANAGEMENT ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on April 21, 2009. Plaintiff appeared *pro se*, Charles B. Irvin and Pelicia Everett Hall appeared on behalf of Christopher Epps, and Joshua C. McCrory appeared on behalf of Keefe Commissary Network ("Keefe") and GT Enterprises of MS, Inc. ("GT"). The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The court's purpose in conducting the hearing is to ensure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. Based on the testimony given at the hearing, the court screened this matter pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] After due consideration of the issues

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2]Section 1915(e)(2) states as follows:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
. . .
(B) the action or appeal--
(i)     is frivolous or malicious;
(ii)    fails to state a claim on which relief may be granted; or
(iii)   seeks monetary relief against a defendant who is immune from such relief.

1

involved in this case and the requests for discovery,

**THE COURT DOES HEREBY FIND AND ORDER AS FOLLOWS**:

### JURISDICTION AND SUMMARY OF CLAIMS

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff's claims occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI") and the Central Mississippi Correctional Facility ("CMCF"). Plaintiff is currently incarcerated at the Mississippi State Penitentiary at Parchman, where he is serving a fifteen-year sentence after having been convicted of three counts of fraud by wire in Hinds County. Plaintiff's claims were clarified and amended by his sworn testimony during the *Spears* hearing;[3] accordingly, only the following claims remain pending before the court and no further amendments will be allowed absent a showing of good cause so that this case may proceed to disposition:

1. Plaintiff alleges a claim against Defendants Christopher Epps, Keefe, and GT for deliberate indifference in violation of his Eighth Amendment rights. Specifically, he claims that Mr. Epps failed to enforce the MDOC smoking policies and the Mississippi Clean Indoor Air Act, and failed provide a smoke-free environment for inmates inside the facility units. He claims that Keefe and/or GT sell tobacco products to inmates containing unsafe levels of formaldehyde. Plaintiff alleges that due to the Defendants' actions and/or inactions, he was exposed to unreasonable levels of second-hand smoke, which has caused and/or exacerbated his health

---

28 U.S.C. § 1915(e)(2)(B).

[3]*See Hurns v. Parker*, 165 F.2d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

problems. He claims that due to his health conditions, he was ordered by doctors to be in a smoke-free environment.

2. Plaintiff alleges a claim for the denial of access to the law library against Christopher Epps. Specifically, Plaintiff claims that he was denied access to certain legal authorities, which caused him to file inadequate pleadings. This resulted in the dismissal of certain parties and claims from this action. As stated during the *Spears* hearing, the undersigned intends to issue a report recommending that this claim be dismissed, for reasons stated at the hearing.

3. Plaintiff alleges a claim against Christopher Epps for an inadequate Administrative Remedy Program ("ARP"). Specifically, he claims that the MDOC does not follow its own policies and procedures relating to the ARP which prevented and/or delayed him from getting relief for his medical grievances. The undersigned intends to issue a report recommending that this claim be dismissed, as it fails to state a claim on which relief may be granted.

4. Plaintiff alleges a claim against Christopher Epps for allowing unsanitary haircuts at the MDOC facilities. Specifically, he claims that barbers at the MDOC facilities do not sanitize the hair clippers, and as a result inmates contract infectious diseases, such as AIDS, herpes, and hepatitis. He claims that he has obtained an infection from the unsanitary clippers, and may have contracted other diseases, but prison officials refuse to give him a blood test. The undersigned intends to issue a report recommending that this claim be dismissed, as it fails to state a claim on which relief may be granted.

5. Plaintiff alleges a claim against Keefe and/or GT[4] and Christopher Epps for fraud, embezzlement, and money laundering. Specifically, he claims that his prison account was charged for items he never purchased. He claims that Mr. Epps is also liable, because as MDOC Commissioner, he is responsible for how the prison commissaries are operated.

**DISCOVERY ISSUES AND PENDING MOTIONS**

1. Defendants are directed to produce to Plaintiff copies of the following: Plaintiff's medical records from July 10, 2007 to present; Plaintiff's ARP records; Plaintiff's commissary account statements; a summary of RVRs (by RVR # and date) issued to inmates for smoking violations at SMCI from August 1, 2007 to January 9, 2009; and all American Correctional Association and National Commission on Correctional Health Care policies regarding smoking and haircuts at MDOC facilities. Defendants provided Plaintiff with a copy of some of these documents during the hearing. Defendants are ordered to supplement their production within thirty days.

2. Plaintiff executed a medical authorization during the hearing. Defendants are directed to produce to Plaintiff a copy of any medical records received pursuant to the medical authorization.

3. Plaintiff may submit to the court for approval five interrogatories and five requests for admission to Defendants. If the court approves the discovery requests, Plaintiff may

---

[4]Plaintiff alleges that GT was the entity operating the commissary at SMCI and CMCF when the alleged torts occurred. He claims that he named Keefe because they took over the contract for GT, and may have some liability. He named both Keefe and GT to make sure the responsible party was named in this action. It appears that at least one of these companies may be entitled to dismissal upon proper motion demonstrating which company was providing commissary services during the relevant time period.

serve them on the Defendants. Plaintiff must submit his proposed discovery requests to the court by May 15, 2009.

4. There are no other discovery issues pending at this time. The discovery allowed herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1). The parties shall not propound any other additional discovery requests unless leave of court is requested and obtained.

5. The deadline for the filing of motions (other than motions *in limine*) is July 31, 2009.

6. Plaintiff's MOTION for Temporary Restraining Order and Preliminary Injunction [104] and Plaintiff's MOTION for Emergency Injunction/Restraining Order [115] are denied as moot. Plaintiff did not object to the dismissal of these motions as moot.

7. Plaintiff's MOTION for copies of documents filed by Defendants [150] is denied as moot. Plaintiff testified that he now has copies of the requested documents.

8. During the hearing, Defendant Christopher Epps withdrew his Motion for Summary Judgment [108]. The court will terminate the motion without prejudice so that Mr. Epps may file a motion for summary judgment at a later time covering all remaining claims raised by Plaintiff. Thus, Plaintiff's Motion to Strike [154] Christopher Epps's Motion for Summary Judgment [108] is denied as moot.

9. The undersigned will enter a report and recommendation on [103] Plaintiff's MOTION to Block the Reaccreditation of SMCI.

10. Plaintiff's failure to advise this court of a change of address or failure to comply

with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to Plaintiff.

      SO ORDERED AND ADJUDGED this the 28th day of April, 2009.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge