**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JAMES H. STERN**                                                                    **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO. 2:08cv33-KS-MTP**

**CHRISTOPHER B. EPPS, et al.**                                              **DEFENDANTS**

<u>**ORDER**</u>

THIS MATTER is before the court on the Plaintiff's Motion for Summary Judgment
[195], which the court liberally construes as a motion to compel.[1]  Having considered the motion,
the court finds that it should be denied.

In his Motion [195] filed on July 2, 2009, Plaintiff complains that Defendants have failed
to timely comply with the court's Orders [166][186] directing them to produce certain
documents and things.  Specifically, he claims that Defendants failed to produce a summary of
Rule Violation Reports ("RVRs") issued to inmates for smoking violations, as required by the
court's Order [186].  He further claims that Defendants failed to produce the smoking policies of
the American Correctional Association ("ACA") and the National Commission on Correctional
Health Care ("NCCHC").

The record reflects that on July 2, 2009, Defendant Christopher Epps filed with the court

---

[1]Plaintiff titles his motion as a motion for summary judgment, but asks for "what ever
[relief] is proper" based on alleged discovery violations.  Accordingly, the court liberally
construes the motion as a motion to compel.  Further, even if the court were to construe the
motion as a motion for summary judgment, Plaintiff would not be entitled to relief.  Summary
judgment is only proper when "the pleadings, the discovery and disclosure materials on file, and
any affidavits show that there is no genuine issue as to any material fact and that the movant is
entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "The movant has the burden of
establishing the absence of a genuine issue of material fact and, unless he has done so, the court
may not grant the motion . . . ."  *See Hibernia Nat'l Bank v. Administracion Central Sociedad
Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).  Plaintiff has failed to meet this burden.

the summary of RVRs required by the court's Order [186], and served a copy on Plaintiff via regular mail.  *See* Notice [194].  However, the court notes that according to the certificate of service, Defendant sent Plaintiff's service copy to the wrong address.[2]  Accordingly, Defendant Epps will be directed to provide a copy to Plaintiff at the address provided on the court docket.  Although the response was filed one day late, with no explanation by Defendant, Plaintiff has suffered no prejudice by the minimal delay.

Moreover, the record reflects that Defendant Epps has already produced a copy of the ACA standard policy on smoking, DOC-20-10.  Defendant stated that ACA and NCCHC do not have policies that relate specifically to MDOC but have standards to be met for accreditation purposes for all correctional institutions, and that he has produced such policies.  Accordingly,

IT IS, THEREFORE, ORDERED:

1.      Plaintiff's Motion to Compel [195] is denied as moot;

2.      Defendant Christopher Epps is directed to immediately send a copy of the Notice and Summary [194] to Plaintiff at the address provided on the court docket.  Defendant is advised to send all future mail and correspondence to Plaintiff at the current address provided on the court docket, which may change from time to time.

SO ORDERED this the 7th day of July, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[2]The certificate of service reflects that Defendant mailed Plaintiff's service copy to SMCI.  According to the court docket, Plaintiff is housed at the Mississippi State Penitentiary in Parchman.